UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW LEE-LEO HILL,

      Petitioner,                             Case No. 2:20-CV-10572
                                                    Honorable Linda V. Parker

v.

JOHN CHRISTIANSEN,

      Respondent.

_____/

## OPINION & ORDER (1) DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS (ECF NO. 1); (2) DENYING THE MOTION FOR AN EVIDENTIARY HEARING (ECF NO. 1); (3) DENYING THE MOTIONS FOR APPOINTMENT OF COUNSEL (ECF NOS. 3, 14); (4) DENYING THE MOTION FOR BOND (ECF NO. 10); (5) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY; AND (6) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner Andrew Lee-Leo Hill, confined at the Central Michigan

Correctional Facility in St. Louis, Michigan, seeks the issuance of a writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* petition, Petitioner challenges

his conviction for assault by suffocation or strangulation, Mich. Comp. Laws

§ 750.84(1)(b); resisting and obstructing a police officer, Mich. Comp. Laws

§ 750.81d(1); and being a second felony habitual offender, Mich. Comp. Laws

§ 769.10.  Petitioner was sentenced to five years, 11 months to 15 years on the

assault conviction and one to three years on the resisting and obstructing

conviction.  For the reasons that follow, the Petition for a Writ of Habeas Corpus is denied.

## I. BACKGROUND

Petitioner pleaded guilty to the above charges in the Kent County Circuit Court.  As part of Petitioner's guilty plea, the prosecution agreed to dismiss a separate possession of cocaine charge.  The prosecutor also agreed not to add additional charges arising out of the investigation and agreed to substitute the fourth habitual offender sentence enhancement (which allowed for a sentence of up to life imprisonment for his assault-by-strangulation conviction under Michigan Compiled Laws § 769.12(1)(b)) for a second habitual offender sentence enhancement (which, under Michigan Compiled Laws § 769.10(1)(a), allowed for a maximum term that is not more than 1-1/2 times the longest term prescribed for a first conviction of that offense).  The prosecutor further agreed that Petitioner be sentenced within the 29 to 71-month sentencing guidelines range.  Both the judge and prosecutor placed on the record that Petitioner faced a possible life sentence if convicted as a fourth felony habitual offender after a trial.  (ECF No. 13-5 at Pg. ID 185-87.)  Petitioner indicated he was willing to plead guilty.  (*Id.* at Pg. ID 188-89.)  In advising Petitioner of the rights he would waive by pleading guilty, the judge advised Petitioner that he would be giving up the right to claim that his plea was the product of threats or promises that were not disclosed to the court.

Petitioner indicated that he understood this. (*Id.* at Pg. ID 190.) The prosecutor reiterated the terms of the plea agreement that she had previously placed on the record. (*Id.*) Petitioner acknowledged that this was the entire plea agreement and that there had been no additional promises made to induce his plea. (*Id.* at Pg. ID 191.) Petitioner indicated that it was his choice to plead guilty and that he was doing so freely and voluntarily. (*Id.* at Pg. ID 191-92.)

At sentencing, Petitioner made a *pro per* motion to withdraw his plea, which was denied. (ECF No. 5-14 at Pg. ID 197-204.) The judge sentenced Petitioner to concurrent sentences of five years, 11 months to 15 years and one to three years. (*Id.* at Pg. ID 207.)

Petitioner's conviction was affirmed. *People v. Hill*, No. 348756 (Mich. Ct. App. June 10, 2019), *lv. den.* 936 N.W.2d 297 (Mich. 2019).

Petitioner seeks habeas relief on the following grounds:

I.   The plea was involuntary because Petitioner's trial counsel promised Petitioner that he would be released on bond pending sentencing if he pleaded guilty, and trial counsel was ineffective for making such a promise.

II.  The plea agreement was involuntary because it was illusory, and trial counsel ineffective for advising Petitioner to take an illusory plea.

III. Trial counsel was ineffective for advising Petitioner to enter into the plea agreement.

IV.  Trial counsel was ineffective for failing to move to withdraw the guilty plea.

3

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA"), imposes the following standard of review for

habeas cases:

> An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted
> with respect to any claim that was adjudicated on the merits in State
> court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal
> law, as determined by the Supreme Court of the United
> States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence
> presented in the State court proceeding.

When reviewing habeas petitions, federal courts must "look to the last

reasoned state court opinion to determine the basis for the state court's rejection of

[the petitioner's] claim." *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir.

2010) (en banc). In this case, however, there is no reasoned state court opinion.

Both the Michigan Court of Appeals and the Michigan Supreme Court issued

summary orders denying relief. (*People v. Hill*, No. 348756 (Mich. Ct. App. June

10, 2019), ECF No. 13-7 at Pg. ID 209 ("The Court orders that the delayed

application for leave to appeal is DENIED for lack of merit in the grounds

presented."); *People v. Hill*, 936 N.W.2d 297 (Mich. 2019), ECF No. 13-8 at Pg.

4

ID 374 ("[T]he application for leave to appeal . . . is DENIED[] because we are not

persuaded that the questions presented should be reviewed by this Court.").)  In

such cases, the federal court must "conduct an independent review of the record

and applicable law to determine whether the state court decision is contrary to

federal law, unreasonably applies clearly established law, or is based on an

unreasonable determination of the facts in light of the evidence presented." *Harris*

*v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000), *cert. denied*, 532 U.S. 947, 2001 WL

285959 (Mar. 26, 2001).  In other words, "[w]here a state court decides a

constitutional issue by form order or without extended discussion, a habeas court

should then focus on the result of the state court's decision, applying the standard

articulated above."  *Id*. at 943 n.1; *see also Brown v. Pitcher*, 19 F. App'x 154, 156

(6th Cir. 2001).

A decision of a state court is "contrary to" clearly established federal law if

the state court arrives at a conclusion opposite to that reached by the Supreme

Court on a question of law or if the state court decides a case differently than the

Supreme Court has on a set of materially indistinguishable facts.  *Williams v.*

*Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when

"a state court decision unreasonably applies the law of [the Supreme Court] to the

facts of a prisoner's case."  *Id.* at 409.  A federal habeas court may not "issue the

writ simply because that court concludes in its independent judgment that the

relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton*, 136 S. Ct. 1149, 1152 (2016).

### III.  DISCUSSION

#### A. Petitioner's Claims.

#### (1) Whether Petitioner's Plea Agreement was Induced by an Off-the-Record Promise & Whether Trial Counsel was Ineffective for Making the Alleged Promise

Petitioner first argues that trial counsel induced him to plead guilty by promising Petitioner that he would be released on bond pending sentencing so that Petitioner could spend time with his gravely ill daughter. (*See* ECF No. 1 at Pg. ID 24.) Petitioner contends that, based on this, his plea was made involuntarily (and

thus he should have been permitted to withdraw it) and trial counsel was ineffective for making such a promise. (*Id.*)

Petitioner has no federal constitutional right to withdraw his guilty plea. *See Hynes v. Birkett*, 526 F. App'x 515, 521 (6th Cir. 2013). Unless a petitioner's guilty plea otherwise violated a clearly-established constitutional right, whether to allow the withdrawal of a habeas petitioner's plea is within the discretion of the state trial court. *See Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005). Moreover, "[i]t is well-settled that post-sentencing 'buyer's remorse' is not a valid basis" to set aside an otherwise valid guilty plea. *Meek v. Bergh*, 526 F. App'x 530, 536 (6th Cir. 2013) (internal quotations omitted).

A guilty plea that is entered in state court must be voluntarily and intelligently made. *See Shanks*, 387 F. Supp. 2d at 749 (citing *Boykin v. Alabama*, 395 U.S. 238, 242 (1969)); *Doyle v. Scutt*, 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004) (same). In order for a plea of guilty to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 257 (6th Cir. 1991). The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he is pleading guilty. *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994). When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a

7

transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. *Id.* at 326-27. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.*

Petitioner contends that, though trial counsel's belief regarding the bond issue may have been an "honest" mistake, his plea was involuntarily made because his attorney promised that he would be released on bond pending sentencing if he pleaded guilty. (ECF No. 1 at Pg. ID 24.) Notably however, absent extraordinary circumstances, or some other reason why a defendant did not reveal other terms when specifically asked to do so by the trial court, a plea agreement consists of the terms revealed in open court, where the trial judge scrupulously follows the required procedure for taking the defendant's plea. *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986). Because a plea bargain is contractual in nature, it would violate established contract-law standards to permit a defendant to attempt to prove that a plea agreement is otherwise than it unambiguously appears on a thorough record. *Id.*

Here, the prosecutor twice placed the terms of the plea and sentencing agreement on the record. (ECF No. 13-5 at Pg. ID 185-87, 190.) Nothing in the

plea and sentence agreement indicated that Petitioner would be released on bond

pending sentencing.  There is no mention of bond in the plea transcript.  Petitioner

acknowledged that the terms placed on the record were the entire terms of the plea

and sentencing agreement.  (*Id*. at Pg. ID 191.)  Petitioner also informed the judge

that there were no other promises made to induce his plea.  (*Id*.)   Because

Petitioner was given the correct sentencing information by the trial court at the

time of the plea, and Petitioner expressly denied the existence of other

representations or promises, his plea was not involuntary.  *See United States v.

Todaro*, 982 F.2d 1025, 1029-30 (6th Cir.1993).

Regarding Petitioner's claim that trial counsel was ineffective for misleading

him into believing that he would be released on bond if he pleaded guilty, as noted

previously, a state court's proper plea colloquy will cure any misunderstandings

that a petitioner may have had about the consequences of the plea.  *Ramos v.

Rogers*, 170 F.3d 560, 565 (6th Cir. 1999) (citing *Barker v. United States*, 7 F.3d

629, 633 (7th Cir.1993), *cert. denied*, 510 U.S. 1099 (1994) (explaining that the

trial court's "thorough examination at the hearing, taking careful and appropriate

measures to dispel any confusion on [the defendant's] part before the plea was

accepted," cured any claim that the defendant was prejudiced by erroneous "advice

from [the defendant's] trial attorney [that allegedly] led to his misunderstanding of

the consequences of his guilty plea")).  Therefore, "a claim of ineffective

assistance of counsel predicated on allegedly misleading information given by counsel about the terms of a plea agreement can *never constitute* an "extraordinary circumstance" under *Barker* when the court conducts a proper, clear, and thorough plea colloquy. *Id.* (emphasis in original). Here, Petitioner's contention that trial counsel proved ineffective by making off-the-record promises fails because the on-the-record plea agreement, as revealed by the "proper, clear, and thorough" plea colloquy, contained no such promise and Petitioner stated at the plea hearing that he understood the terms and consequences of the plea agreement into which he entered. *See Sellers v. U.S.*, 316 F. Supp. 2d 516, 521 (E.D. Mich. 2004); *see also Bridinger v. Berghuis*, 429 F. Supp. 2d 903, 910-11 (E.D. Mich. 2006) (finding habeas petitioner's conclusory allegation that counsel estimated shorter term of imprisonment than that imposed was insufficient to overcome, for purposes of ineffective assistance claim, his on-the-record statements at plea hearing that counsel had not made any promises or estimates); *McCray v. Perry*, No. 2:13-CV-14414, 2015 WL 6387383, at *4 (E.D. Mich. Oct. 22, 2015) (finding petitioner's "contention that counsel was deficient in making off-the-record promises to him fails based on [on-the-record] admission[s]").

10

**(2) Whether Petitioner's Plea Agreement was Illusory & Whether Trial
Counsel was Ineffective for Advising Petitioner to Enter into an Allegedly
Illusory Plea Agreement**

Petitioner also argues that the plea bargain was illusory because, though the
prosecutor agreed to dismiss a separate possession of cocaine charge, the trial court
never acquired jurisdiction as to that charge because the criminal complaint had
not been signed and Petitioner did not enter a plea at the arraignment.  (ECF No. 1
at Pg. ID 27-31.)  Because the plea was illusory, Petitioner contends, his plea was
made involuntarily and trial counsel was ineffective for advising Petitioner to enter
into the illusory plea agreement.  (*Id*.)

A plea agreement is entered into involuntarily and unknowingly if the
defendant is unaware that the prosecution's promise is illusory.  *See United States
v. Randolph*, 230 F.3d 243, 250-51 (6th Cir. 2000).  Illusory representations made
by the prosecutor to induce a defendant to waive his right to trial and enter a guilty
plea have been found to constitute coercion justifying the withdrawal of a guilty
plea.  *See Spearman v. United States*, 860 F. Supp. 1234, 1249 (E.D. Mich. 1994).

The Court is not persuaded by Petitioner's attempts to cast the plea
agreement as illusory.  First, Petitioner's argument that the plea agreement was
illusory because the trial court never acquired jurisdiction as to the cocaine
possession charge fails because the Sixth Circuit has stated that "a state court's
interpretation of state jurisdictional issues conclusively establishes jurisdiction for

11

purposes of federal habeas review." *Strunk v. Martin*, 27 F. App'x 473, 475 (6th

Cir. 2001); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("It is not the

province of a federal habeas court to reexamine state-court determinations on state-

law questions."). In this case, the trial court concluded that it properly acquired

jurisdiction over Petitioner and his prosecution. (ECF No. 13-6 at Pg. ID 199,

204.) Accordingly, this Court is bound by the state court's conclusion and the

jurisdiction issue affords Petitioner no grounds for habeas relief.[1]

Second, in addition to the dismissal of the cocaine possession charge, the

prosecutor agreed to drop the fourth habitual offender enhancement to a second

habitual offender enhancement (thereby taking the sentence of life imprisonment

off the table), agreed to not add several other charges, and agreed to a sentence of

29 to 71 months on the minimum sentence. Dismissal of charges and avoiding life

imprisonment amounted to real, tangible benefits in consideration for the plea.

Because Petitioner derived such benefits from his plea bargain, his plea was not

illusory and he is therefore not entitled to habeas relief. *See McAdoo v. Elo*, 365

---

[1] To the extent that Petitioner's ineffective assistance of counsel claim rests on
trial counsel's failure to raise the aforementioned jurisdictional issues, Petitioner's
claim fails because Petitioner cannot establish that trial counsel erred and/or that he
was prejudiced by counsel's conduct given the trial court's ruling that the
underlying jurisdictional claims lacked merit. Indeed, trial counsel cannot be
deemed deficient for failing to lodge a futile objection. *See Coley v. Bagley*, 706
F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither
professionally unreasonable nor prejudicial."); *United States v. Steverson*, 230 F.3d
221, 225 (6th Cir. 2000).

F.3d 487, 498 (6th Cir. 2004) ("We hold that McAdoo derived a benefit by avoiding a trial on the first-degree murder charge which was punishable by life without parole and receiving instead a sentence of life with the possibility of parole.  As such, his plea was not illusory.").

To the extent that Petitioner's ineffective assistance of counsel claim rests on trial counsel advising Petitioner to enter into an illusory plea agreement, the claim collapses under the Court's finding that the plea agreement was not illusory.

### (3) Whether Trial Counsel was Ineffective for Advising Petitioner to Enter into the Plea Agreement

Petitioner also argues that trial counsel was ineffective for advising him to plead guilty.  (*See* ECF No. 1 at Pg. ID 24.)  To show that he was denied the effective assistance of counsel under federal constitutional standards, a petitioner must satisfy a two-prong test.  First, the petitioner must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In so doing, the petitioner must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance.  *Id*.  In other words, the petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy.  *Strickland*, 466 U.S. at 689.

Second, the petitioner must show that such performance prejudiced his

defense. *Id*.  To demonstrate prejudice, the defendant must show that "there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." *Strickland*, 466 U.S. at 694.  Moreover, in

order to satisfy the prejudice requirement for an ineffective assistance of counsel

claim in the context of a guilty plea, the defendant must show that there is a

reasonable probability that, but for counsel's errors, he would not have pleaded

guilty, but would have insisted on going to trial.  *Premo v. Moore*, 562 U.S. 115,

129 (2011) (citing *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)).  An assessment of

whether a defendant would have gone to trial but for counsel's errors "will depend

largely on whether the affirmative defense likely would have succeeded at trial."

*Hill*, 474 U.S. at 59; *see also Garrison v. Elo*, 156 F. Supp. 2d 815, 829 (E.D.

Mich. 2001) (explaining that a petitioner must show a reasonable probability that

but for counsel's errors, he would not have pleaded guilty, because there would

have been a reasonable chance that he would have been acquitted had he insisted

on going to trial).  The Sixth Circuit has interpreted *Hill* to require a federal habeas

court to always analyze the substance of the habeas petitioner's underlying claim

or defense to determine whether but for counsel's error, the petitioner would likely

have gone to trial instead of pleading guilty.  *See Maples v. Stegall*, 340 F.3d 433,

440 (6th Cir. 2003).  The test of whether a defendant would have not pleaded

14

guilty if he had received different advice from counsel "is objective, not subjective; and thus, 'to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" *Pilla v. U.S.*, 668 F.3d 368, 373 (6th Cir. 2012) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)).

Petitioner is not entitled to habeas relief on his ineffective assistance of counsel claim because he failed to show a reasonable probability that he could have prevailed had he insisted on going to trial, or that he would have received a lesser sentence than he did by pleading guilty. *See Shanks*, 387 F. Supp. 2d at 750. As an initial matter, Petitioner does not identify which defenses, if any, he had to the charges. *Id.* ("Because petitioner does not explain what viable defense that he had in this case, he has failed to show that counsel was ineffective in advising him to plead no contest.").

Moreover, the favorable plea bargain that Petitioner received weighs against a finding that counsel was ineffective for advising him to plead guilty.. *See Plumaj v. Booker*, 629 F. App'x 662, 667 (6th Cir. 2015) (citing *Pilla*, 668 F.3d at 373; *Haddad v. United States*, 486 F. App'x 517, 522 (6th Cir. 2012)).  Petitioner was originally charged with assault by strangulation or suffocation which normally carries up to 10 years in prison.  Mich. Comp. Laws § 750.84.  However, Petitioner was also charged with being a fourth felony habitual offender which would

15

increase the maximum sentence for this offense to life in prison.  Mich. Comp.

Laws § 769.12(1)(a).  Petitioner's counsel was able to negotiate a plea bargain,

where the prosecutor reduced the sentencing enhancement to a second habitual

offender charge, which reduced the maximum penalty on the assault charge to 15

years.  The prosecutor also agreed to dismiss several other charges and agreed that

Petitioner's minimum sentence on the assault charge would be within the

sentencing guidelines range of 29-71 months.  Counsel was also able to get a

separate possession of cocaine charge dismissed.  Indeed, "the Supreme Court has

never held that the benefits of a plea agreement alone cannot suffice to answer the

prejudice inquiry, namely whether 'there is a reasonable probability that, but for

counsel's errors, he would not have pleaded guilty and would have insisted on

going to trial.'"  *Plumaj*, 629 F. App'x at 667 (quoting *Hill*, 474 U.S. at 59).

    For these reasons, Petitioner is not entitled to habeas relief on the basis of

his claim that trial counsel was ineffective for advising him to enter into the plea

agreement.

### (4) Whether Trial Counsel was Ineffective for Failing to Move to Withdraw the Plea

Petitioner further claims that counsel was ineffective for failing to move to

withdraw the plea.  (ECF No. 1 at Pg. ID 25-26.)  The Court finds that trial counsel

was not ineffective in failing to move for the withdrawal of Petitioner's guilty plea

because Petitioner has failed to identify a meritorious basis upon which to do so.

16

*See United States v. Martin*, 45 F. App'x 378, 381-82 (6th Cir. 2002) ("Failure of trial counsel to raise wholly meritless claims cannot be ineffective assistance of counsel.")

### B. The Motions for an Evidentiary Hearing, Appointment of Counsel, & Bond.

Petitioner filed motions for an evidentiary hearing (ECF No. 1), release on bond (ECF No. 10), and appointment of counsel (ECF Nos. 3, 14).

In light of the fact that Petitioner's claims are meritless, he is not entitled to an evidentiary hearing. *See Stanford v. Parker*, 266 F.3d 442, 459-60 (6th Cir. 2001) (stating that a habeas petitioner is not entitled to an evidentiary hearing on his claims if they lack merit).

There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Because Petitioner's claims lack any merit, the Court will deny Petitioner's requests for appointment of counsel. *See Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 788 (E.D. Mich. 2004).

In order to receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)); *see also Nash v. Eberlin*, 437 F.3d 519, 526, n.10 (6th Cir. 2006). There will be few occasions where a habeas petitioner meets this standard.

17

*Dotson*, 900 F.2d at 79.  Federal courts may grant bail when granting the writ.  *See*

*Sizemore v. District Court*, 735 F.2d 204, 208 (6th Cir. 1984).  By implication, a

federal court should not grant bail under other circumstances.  Petitioner failed to

establish that he would prevail on the merits of his claims.  Accordingly, he is not

entitled to release on bond.  *See e.g., Greenup v. Snyder*, 57 F. App'x 620, 621-22

(6th Cir. 2003).

## IV.  CONCLUSION

For the reasons stated, the Court concludes that Petitioner is not entitled to

federal habeas relief on his claims.

Accordingly,

**IT IS ORDERED** that the Petition for a Writ of Habeas Corpus (ECF No.

1) is **DENIED WITH PREJUDICE**.

Before Petitioner may appeal, a certificate of appealability must issue.  *See*

28 U.S.C.   2253(c)(1)(a); Fed. R. App. P. 22(b).  "The district court must issue or

deny a certificate of appealability when it enters a final order adverse to the

applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.  A

certificate of appealability may issue only if the petitioner makes "a substantial

showing of the denial of a constitutional right."  28 U.S.C.   2253(c)(2).  To

demonstrate this denial, the applicant is required to show that reasonable jurists

could debate whether, or agree that, the petition should have been resolved in a

different manner, or that the issues presented were adequate to deserve

encouragement to proceed further.  *Slack v. McDaniel*, 529 U.S. 473, 483-84

(2000).  When a district court rejects a habeas petitioner's constitutional claims on

the merits, the petitioner must demonstrate that reasonable jurists would find the

district court's assessment of the constitutional claims to be debatable or wrong.

*Id.* at 484.  Reasonable jurists could not debate the correctness of the Court's

assessment of Petitioner's constitutional claims.  The Court, therefore,

**DECLINES** to issue a certificate of appealability.

**IT IS FURTHER ORDRED** that leave to appeal *in forma pauperis* is

**DENIED** because an appeal cannot be taken in good faith.  *See* Fed. R. App. P.

24(a).

**IT IS FURTHER ORDERED** that Petitioner's Motion for an Evidentiary

Hearing (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Bond (ECF No.

10) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motions for Appointment

of Counsel (ECF Nos. 3, 14) are **DENIED.**

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: March 24, 2021

19

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 24, 2021, by electronic and/or U.S. First Class mail.

s/ R. Loury\
Case Manager