UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW LEE-LEO HILL,

    Petitioner,                        Case No. 2:20-CV-10572
                                                Honorable Linda V. Parker
v.

JOHN CHRISTIANSEN,

    Respondent.
_____/

**<u>OPINION AND ORDER DIRECTING THE CLERK OF THE COURT TO TRANSFER THE MOTION FOR A CERTIFICATE OF APPEALABILITY (ECF NO. 19) AND THE APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS ON APPEAL (ECF NO. 20) TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT</u>**

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court convictions. The Court denied the petition for a writ of habeas corpus with prejudice. The Court also declined to issue a certificate of appealability and denied leave to appeal *in forma pauperis. Hill v. Christiansen*, No. 2:20-CV-10572, 2021 WL 1134581 (E.D. Mich. Mar. 24, 2021).

Petitioner filed a Notice of Appeal. (ECF No. 17). Petitioner has also filed a motion for a certificate of appealability (ECF No. 19) and an application to proceed without prepaying fees and costs on appeal. (ECF No. 20).

The proper procedure when a district court denies a certificate of appealability is for the petitioner to file a motion for a certificate of appealability before the

appellate court in the appeal from the judgment denying the petition for a writ of habeas corpus or the motion to vacate sentence. *See Sims v. U.S.,* 244 F.3d 509 (6th Cir. 2001) (citing Fed. R. App. P. 22(b)(1)). Petitioner should direct his request for a certificate of appealability to the Sixth Circuit. The heading on the motion, in fact, is addressed to the United States Court of Appeals for the Sixth Circuit. *See* ECF No. 19 at Pg. ID 551-89. This Court, in the interests of justice, will order Petitioner's motion for a certificate of appealability transferred to the United States Court of Appeals for the Sixth Circuit.

A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)); *see also Workman v. Tate*, 958 F.2d 164, 167 (6th Cir. 1992). Petitioner's notice of appeal divests this Court of jurisdiction to consider his motion to proceed without prepaying fees and costs on appeal. Jurisdiction of this action was transferred from the district court to the Sixth Circuit Court of Appeals upon the filing of the notice of appeal, thus, Petitioner's motion would be more appropriately addressed to the Sixth Circuit. *See Grizzell v. State of Tennessee,* 601 F. Supp. 230, 232 (M.D. Tenn. 1984). The Court orders the Clerk of the Court to transfer

Petitioner's motion to procced without prepaying fees and costs on appeal to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

**IT IS HEREBY ORDERED** that the Clerk of the Court transfer the Motion for a Certificate of Appealability (ECF No. 19) and the Application to Proceed Without Prepaying Fees and Costs on Appeal (ECF No. 20) to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

**IT IS SO ORDERED.**

                                                  s/ Linda V. Parker  
                                                  LINDA V. PARKER  
                                                  U.S. DISTRICT JUDGE

Dated: May 21, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 21, 2021, by electronic and/or U.S. First Class mail.

                                                  s/Aaron Flanigan  
                                                  Case Manager